Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Welcome to this sitting of the 11th Circuit. We have four cases today. The first one up is Ginsburg versus United States. We'll hear from Mr. Mastraccio first. Thank you, Your Honor. May it please the court. My name is Jim Mastraccio. I represent Mr. Ginsburg in this matter. I'd like to start this morning with three issues. First, to address why the specific wording of 7491C and 6751B is contrary to the district court's holding. Second, I'd like to briefly discuss the policy, tax policies behind these two statutes. And lastly, why the district court's variance holding was improper here. Mr. Ginsburg's appeal is based on a very narrow issue, whether the government satisfied its burden of production under Section 7491C of the Internal Revenue Code. As we argued on brief, the government has not met its burden and the district court reached its decision without ever considering Section 7491C, without ever determining whether the government satisfied that burden. When enacted, 7491C shifted the burden of production in penalty cases, tax penalty cases, onto the government. Counsel, it would help me if you would start with United States v. White, which is binding precedent in which we held that the government's submission of the form 4340 establishes a presumption that the assessment was properly made. I'm having a difficult time distinguishing between a presumption which is established in your position that a promulgation case was not established. Sure, and I'm sorry, Your Honor, I didn't, did you say the form 4340? Yes. Yes, sure, I'm happy to address that. There is a presumption in the tax law for 4340 designations. However, that presumption and that particular form establishes that there was an assessment, that there has been an assessment. No, that's not what we held in White, Jim, so you've got to confront the language in White. The government must first prove that the assessment was properly made. The government's submission of a form 4340 establishes such a presumption. Your Honor, I believe that the, that presumption and the, is inconsistent with 7491C, which places the burden on the government to come forward. I'm sorry, counsel. In a refund suit. Let me, let me get you, counsel. Yeah. Let me get you at first principles. You're saying the presumption, which we held existed in White, is inconsistent with the statute, so you're arguing that White is wrongly decided. Incorrect. I'm arguing that in a penalty case, 7491C and the requirements for coming forward under 6751B are not satisfied by the submission of that form. So you're arguing that White is wrongly decided. With respect to penalties in a refund suit dealing with TEFRA. Why would there be a difference? Because Congress was concerned in penalty cases, and it's laid out in our brief because of the Taxpayer Bill of Rights, that in a penalty case prior to 1998, the government, the IRS, was assessing penalties without proper approval to use as bargaining chips. And so Congress stepped in and said, in the case of penalties, irrespective of any other provision in the Internal Revenue Code, the government's going to have the burden of production at trial in a refund suit. It's also gonna have the burden of production in any suit, I guess, in any court, in any land. We can look at the language. But what the government had to satisfy is that it properly assessed. And in order to satisfy this proper assessment, 6751B1 is unambiguous. It says, no penalty shall be assessed unless the initial determination of such assessment is personally approved in writing by the immediate supervisor of the individual making such determination or such higher-level official as the secretary may designate. That form, 4340, doesn't... Yes, sir. Hi, this is Robert Muck. So if I can back up a little bit. So as I understand this, and I am no tax expert, there are, in partnership cases, two levels of litigation. There is the partnership-level litigation, and then there is the partner-level litigation. Is that correct? That's correct, Your Honor. Okay. As I understand both the Internal Revenue Code and the Treasury regulations, penalties are determined at the partnership level. Is that true or not true? That is partially correct, Your Honor. The merit... So let's back up, because I want to parse that a little bit if we can't come to an agreement on that. As I understand 26 U.S.C. section 6221A, it states, quote, an adjustment to a partnership-related item shall be determined, dot, dot, dot, and the applicability of any penalty, dot, dot, dot, shall be determined at the partnership level. True or not true? The merits, what goes into, and what's supported... Is that what the statute... That's what the statute says, but there's a second piece, Your Honor, which is... Okay, hold on. One second. And then 26 CFR section 301-662-1c states, quote, that any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership shall be determined at the partnership level. Agreed or not agreed? Agreed, Your Honor. Okay, so if that's the case, and here a penalty was both litigated and determined at the partnership litigation level, then why was this defense about the failure to have the supervisory approval not supposed to have been raised or should have been raised at the first-level litigation? Okay, because 74-91c applies to an individual, and a partnership-level proceeding does not involve an individual. So when you have an issue to... But, counsel, I understand that completely, but the... And that goes to burdens. But my question is, is the immediate supervisory requirement a partnership-level defense or an individual-partner defense? Because it would seem to me that a partnership-level defense, which is one that applies to the entire partnership, would apply to everybody that's a partner and not just your client. True or not true? It would apply to every... If there's a penalty... Which is the entire partnership. The government must first have supervisory approval, whether it's raised at the partnership-level or... I'm sorry, do you want to jump in? Counsel, wouldn't that apply to, what you just said, and I agree, wouldn't that apply to every partner of AHG? Yes, if they received a penalty, yes, it would apply, but there's individual issues at the individual level that's still raised. And I disagree, but the statute you're raising, 6751B1, seems to be one of those that is partnership-level. In other words, as I understand it, partner-level defenses can only be raised individually, meaning they only apply to your client. This is one that doesn't only apply to your client. It applies to everyone in the partnership and therefore must be raised at the partnership level. Is that correct or not? No, it's not correct. The government has an obligation in the refund suit, part two of TEFRA, where there is a ongoing litigation on a refund suit. The government has the burden of production to establish that 6751B1 was met. That's not the question, Counsel. The question is, where does the government have that level? I'm sorry, what level does the government have that burden? And the question is, does it have the burden at the partnership level if the issue is raised, or does it have the burden later if the issue is not raised at the partnership level? It makes- The government, the government, sorry, Your Honor. It makes perfect sense to say that any issue that applies to the entire penalty assessment, which is determined at the partnership level, must be raised at the partnership level. What sense, I mean, suppose you had 20 partners. What sense does it make to say you can have that raised 20 different times because it applies to every single partner, as opposed to one time because it applies to the partnership and covers all the partners? Yeah, I understand, but our point is, we don't have to raise it at all. It is not part of the, it's not part of the refund claim, and it's not part, it doesn't have to be raised at the partnership level. It is a, Congress took that away. Congress said, because of the situation we have with these penalties, we want the government to come forward and make the proof at trial, at the refund stage, at trial. But counsel, once the partnership level litigation is concluded and determinations have been made and this defense has not been raised, or the government has not been brought to its burden because there was no one objected in any way, then isn't the whole point that it doesn't have to be re-litigated again at the partner level? In other words- It's not being, but it's not, no, Congress did not say that, your honor. And there is no, there is no obligation to bring it at the partnership level. Let's back up, let's back up even more. I certainly understand your argument with regard to that section, 7491C and 6751B1. But how do those interplay, and why do they interplay at all with the separate obligations under 7422A to require that for a claim for refund, that all issues be raised in a claim for refund to the commissioner pursuant to regulations, and then the regulations require that all claims must be set forth in detail each ground upon which the credit for refund is claimed, and the facts are sufficient to apprise the commissioner of the exact basis thereof? Because both 6751B1 and section 7491 state in the beginning of both of those statutes that notwithstanding any other provision of this title- Yeah, but that only means one in conflict, and the rest of that sentence applies to court proceedings. Section 7422 doesn't say anything about court proceedings. Well, there's no suit of proceedings shall be maintained. But what those require is that the refund, that to get a refund, a claim needs to be made with exactitude to the commissioner. And I don't see how there's a conflict such that the notwithstanding clause comes into play where there's an administrative requirement before you ever get to a court proceeding. Because the protections that Congress put in place, irrespective of what happens at a partnership level, at the partnership tax court- I'm not talking about the partnership level. So the partnership level is over, a refund claim has to be made by the individual to the commissioner. Both the statute and the regulations require that that be done, that all basis of the claims be made to the commissioner so that these things can be taken care of administratively before it ever gets to litigation. So we're talking about before litigation is filed on the refund side. So I guess that if you carry that to its logical conclusion, well, what happened is there is no obligation for the government to come forward under 6491C. And it doesn't have a burden of production at any court, because I read the language to say that they do have a burden to come forward. And it doesn't say unless there was variance, or unless there's TEFRA, or unless there was a tax court proceeding. 7491C says they must come forward. Counsel, the question is whether the taxpayer has the burden of interjecting that issue, not the burden of production of some evidence, but the burden of raising or producing that issue at the refund level. No, the answer is no, because Congress took away that burden. The idea here was to ensure that there was a... There was a burden prior to 1998 that the taxpayer had to come forward with proof that the penalty didn't apply. Congress stepped in and said no. In refund suit... No, it actually didn't step in and say the taxpayer has no burden to raise this issue at the refund stage. If you got that language, please point it out to us. Well, if the taxpayers remain silent, our position is that the government would still have to meet its burden of production at the refund stage. They would still have to put on evidence, and if they don't satisfy the burden, then they don't satisfy the burden. And the protections that were there to make sure there was a valid legal assessment in place, because there is no assessment until you get... There's no assessment until you get to part two, until the notice of computational adjustment is given to the taxpayer. And so you don't know if there's been a valid assessment. Counsel, your time has expired. Okay, counsel. Thank you. You've got your full three minutes. We'll hear now from Mr. Dale. Good morning, Your Honor. May it please the court, my name is Ivan Dale, appearing on behalf of the United States, the FLE in this case. So this is a partner-level refund suit in which the taxpayer seeks a refund of a penalty imposed as a result of his participation in a... His partnership's participation in the Son of Boss tax shelter. The administrative proceeding with respect to this penalty began a decade and a half ago. There's no dispute that the penalty applies to the investors in the shelter. That was decided in a previous tax court case. And the only personal defense the taxpayer raised administratively, that he had reasonable cause for understating his tax, has been abandoned. So all that's left is this argument that wasn't raised in the earlier case. It wasn't raised in the refund claim. It wasn't even in the complaint. Taxpayer waited until the very end of the case to argue that the IRS committed a procedural misstep at the very beginning. The district court awarded summary judgment to the government and was correct to do so. I'd like to start maybe first by defending the court's decision in United States v. White and explaining why it is not in any way contrary to section 7491. Section 7491C refers to the liability of an individual for any penalty. The correctness of the assessment is, the government still has that presumption. The government doesn't have the presumption as to the, maybe doesn't have the presumption as to the liability, but it does as to the assessment. And 6751B really speaks to the assessment. It says that no penalty shall be assessed unless supervisory approval was obtained. So the introduction of 4340 is dispositive absent some kind of evidence to overcome the presumption that the penalty in this case was properly assessed. But the court was correct to note that there are additional reasons why the district court was correct. The first simply being that section 7422 says that no suit shall be maintained for the recovery of any penalty until a claim has been filed with the secretary according to the regulations of the secretary. The applicable regulations say that no refund will be allowed except upon one or more of the grounds set forth in the claim for refund. But a claim for refund that does not set forth each ground will not be considered for any reason or purpose a claim for refund. So the claim for refund in this case, not only didn't raise the 6751 issue, it didn't raise any challenge to the prima facie case for a penalty. It only raised an affirmative defense on which it is undisputed that the taxpayer had the burden of production and proof. The second reason why the district court's decision was correct is peculiar to partnership law. It is a partnership level defense as this court stated in the Curtis Investments case that you raise 6751 at the partnership level. And I think the court has a pretty good grasp on it. It doesn't make any sense to have a hundred different refund suits with differing results in terms of whether the approval was properly obtained when the approval occurs prior to the partnership proceeding. Curtis Investment Court, investment decided just a couple of years ago is a partnership case. I should also note that in that case, the taxpayer failed to raise it in the partnership proceeding and tried to raise it on appeal and couldn't do so then. So whatever burden of the government had, it was too late at that point in time to raise it. So it certainly would have been too late for the taxpayer in Curtis Investment to raise it in a subsequent partner level refund suit. Council, this is Lisa Branch. And I had one question about this, that it's a partnership level defense. Is there a possibility in looking at the 6751 written approval requirement, is there a possibility that one partner's penalty might have the written approval and then another partner's approval, one doesn't have it and one has it? Isn't there a possibility that it is unique, a defense might be available uniquely to one partner and not others? No. And the reason why is that the approval has to be of the initial determination. And the initial determination, the initial assertion of the penalty must be included in the notice to all the partners that goes out at the beginning of the partnership proceeding. Otherwise, the government can't come around and assess the penalty later. So it has to come in, it has to be in that notice that goes out to all the partners. So the initial determination to put that assertion in the notice that the penalty applies, it is a partnership level determination. So... And counsel, this is Robert Luck. Isn't that because of section 6221A, which states that any adjustment and the application of any penalty shall be determined at the partnership level? That's right. And yes, and the regulations there under make it even more clear. 26 CFR 3016221-1D says specifically that a partner level defense is the only defense that can be asserted in a partner level refund suit. And the partner level defenses are limited to those that are personal to the partner or are dependent upon the partner's separate return and cannot be determined at the partnership level. This court said in Curtis Investments that it can be determined at the partnership level. So under 6221 and the regulations there under, it can't be determined at the individual partner level. Otherwise, you will have inconsistent results among partners in a partnership. And that is the whole thing that the TEFRA partnership rules are designed to avoid. So unless the court has any other questions, I'll just wrap up by saying, look, if the taxpayer wants a refund on grounds that the IRS didn't comply with the supervisory approval requirement of 62751B, the taxpayer needs to raise that issue in the refund claim. Mr. Ginsburg did not do that. Because the particular penalty in this case is based on partnership level determinations, Mr. Ginsburg was required to raise it at the partnership level. He didn't do that. Even in the cases he cites, the supervisory approval requirement was an issue only because the taxpayer places an issue. If the taxpayer doesn't place it an issue in the tax court, the government doesn't have to show compliance. And Mr. Ginsburg didn't even raise it in the complaint in this case. And because he was a party to a case against the government where he could have raised the issue but didn't, and because that case was finally decided way back in 2015, he can't come in and re-litigate the issue now. His argument is foreclosed by variance doctrine, partnership tax law, the presumptions accorded to 4340 and res judicata, and accordingly, the judgment of the district court is correct and should be affirmed. Thank you. Thank you, Mr. Dale. Mr. Mastraccio, three minutes. Thank you, Your Honor. Just direct the court to U.S. v. Wood Supreme Court decision where Justice Scalia, speaking on the unanimous decision of the court, says that the first stage in the TEPA proceeding is provisional and that the penalty determination requires a second level. Secondly, Curtis Investments, which was just cited, they happened to know, the taxpayer happened to know, that 6751 might not have been met after the completion of the partnership proceeding and they tried to raise it. It didn't say, and it doesn't hold, that you have to bring it at the partnership level. So what the district court has done here is ignored the burden that the government has to produce documents, a document, a signature on a piece of paper in district court in a refund suit. It's not a heavy burden and Congress requires it to ensure, because, Your Honors, if this assessment was illegally assessed, what the district court is ruling on is that although it's illegally assessed, we are not going to determine whether or not the government satisfied its burden of production and proved it was legally assessed. And Congress wanted that protection to the taxpayers. So it's our position that variance does not apply where there's been a burden of production shift to the government and the government has an obligation to come forward. Mr. Ginsburg can't, at the time that he filed his 843, even anticipate what's going to happen in trial two years later. He doesn't have access to discovery. He's not in litigation. And as far as the partnership level litigation, the courts, the cases that we've cited are clear that that's a partnership level proceeding. It is not an individual level proceeding. And so- Counsel, let me ask you this. Your argument is that variance is unfair, but one of your arguments, or at least one of your statements is it unfair that because he didn't have access to discovery, he couldn't discover this earlier. How did he discover it later? In discovery in the refund suit here. I mean- Go ahead. Any defense he discovers in the refund suit, he can bring in the refund suit even if it's required to be brought earlier. Well, I don't believe it was required to be brought earlier. I don't see any requirement in the code. But- That's not what I'm asking. I'm asking you if it's required to be brought earlier. Is that requirement inapplicable if he only discovers it later? Is that your argument? No, our argument is that Mr. Ginsburg doesn't have to discover it at all. The government's in possession of the- So the fact that he didn't discover it earlier has nothing to do with our analysis? Correct, because the analysis is what the government has to produce at trial. Even if he had known it earlier, he could have sat on it and then later raised the issue at the partner level as opposed to the partnership level. I think any litigant knowing that there was an unlawful assessment- That's not what I'm asking. I'm asking, suppose one out of a thousand litigants knows it, sits on it, doesn't raise it, and then raises it later. Under your position, that would be perfectly all right because it's the government's burden, right? He could ambush them. It's not an ambush. The government's in possession of the record and has to have a legal assessment to begin with. I'm not asking you about that, counsel. I'm asking you if he knows about it and doesn't raise it, the government doesn't put anything in because the government disagrees with you on whose burden it is, and the government doesn't know that he is going to contest it later. And under your position, is it not true that the taxpayer could hold onto that issue and then when it looks like he's going to lose all else, spring it on the government? Well, I don't think it's springing, but he could raise it at any time and he doesn't have to raise it because it's the burden of the government. And we see many cases in tax court where that has happened, many times in tax court. And Becknell, in the 2018 case, it was not raised by the commissioner and it was not raised by the taxpayer, but the judge brought it in. Mancini, in 2019, the tax court, it wasn't raised, but the judge caught it and brought it in. And Endeavor, the judge opened up the record after trial. And Chai, from the Second Circuit, Chai brought it up after the completion of the trial, after it was over and they were doing their post-trial briefing, he raised it for the first time. And the court said, yes, that's an obligation that the government has to come forward. So that's just like here. You can sit there because it's a burden on the government to come forward. That is what the statute says. And it's there to protect the taxpayer. It's not to spring it on the government. The government's in possession of the documents. The government's in possession, they know who the examining agent is, they know who the supervisor is, they know if there's written approval or not, and they know if they validly assess the penalty. There's nothing sprung on the IRS or the government here. In fact, they've been aware of this since 1998, that they have to come forward with that piece of paper in district court, in this case. Counsel, you're not, just to make sure that I understand, you're not suggesting that it couldn't have been raised at the refund suit or that it couldn't have been raised at the partnership level. Correct. And we see cases where taxpayers have found out but that's not the nature of discovery because what I would say is that if you're in a partnership proceeding and you're in litigation and the partnership says, I want discovery, I wanna know if you properly assess this penalty, the response from the government's going to be, it's too early. We haven't assessed the penalty. We don't assess it until step two. So I can see the government saying, we're not gonna give you any information whether we assess or not because we may never assess it against your taxpayer. It's a preliminary determinant of merits at the partnership level. It is not a determination of the, not an assessment, it's not a determination of whether Mr. Ginsburg even has a liability. At the conclusion of the partnership case here, AHG, at the Tefra proceeding and after the tax court decision was done, Mr. Ginsburg still owed $0. There has not been an assessment. And 13 months later after deliberation, the notice of computational adjustments were issued to Mr. Ginsburg. And for the first time in 16 years, there was an assessment. And according to the statute, when Mr. Ginsburg challenged this under the reasonable cause exception, his defense, that's his defense. He was expecting to go to court and see the government produce that piece of paper. It is not an affirmative defense to have to be prescient enough to know that the government didn't validly assess the penalty or would not meet its burden at trial. And that's what Chai says. And the other tax court decisions where the judge steps in and says, look, you know, nobody raised this, but this is an absolute obligation. A burden on the government to come forward. It is not a heavy burden. It's just a piece of paper. Counselor, this is Lisa Branch. Are you suggesting that if this had been raised at either the refund level or the partnership level, if your client had simply said, show me the written approval of the supervisor, the government would have told you to go pound sand? I would say at the partnership level, they would say that there has not been an assessment against Mr. Ginsburg. So the proof, the requirement for a valid assessment is not right. There hasn't been an assessment. Counsel, hold up just a moment. Mr. Robinson, are you keeping time? Yes, he was answering questions for the court. His time has already expired, yes. I believe it expired before the question, but in any event, Counsel, your time has expired. We have the case, and we appreciate it. We'll take it under submission.